IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re: ) | Case No. 22-60052 |
| ) | |
| APPALACHIAN BASIN CAPITAL, LLC ) | Chapter 11 |
| ) | |
| Debtor ) | Judge Russ Kendig |

### LORETTA BEULE'S OBJECTION TO DEBTOR'S CONFIRMATION OF PLAN

Now comes Loretta Beule, by and through the undersigned Counsel, and objects hereby to the Chapter 11 Debtor's proposed Plan.

PRELIMINARY STATEMENT

The Small Business Reorganization Act (SBRA) became effective on February 19, 2020 and added a new Subchapter V to Chapter 11 of the Bankruptcy Code. Subchapters V's goal was to provide more small businesses an opportunity to resolve outstanding liabilities in streamlined cost effective Chapter 11 proceeding. Under Subchapter V, a disclosure statement is not required unless the court orders otherwise and the Debtor has the exclusive right to file a plan within the first 90 days. (See 11 U.S.C. Section 1189(b)). While Subchapter V may have disposed of certain Chapter 11 requirements, unfortunately for this Debtor, it does not eliminate the requirements of good faith, the best interests test, unfair discrimination, or feasibility requirements for confirmation.

As an initial matter, the plan lacks clarity and/or adequate information on a number of issues which makes it difficult to determine whether such plan provisions are consistent with the Bankruptcy Code and other applicable law. These include:

1

- Plan does not allocate what portion of any proposed sale price being allocated to personal property vs. real estate.
- Plan does not specifically identify what personal property is being sold and where it is presently located. [1]
- Plan fails to identify potential fraudulent transfer claims.
- Plan fails to provide adequate information on the tax consequences of sale.
- Plan appears to propose disbursements to Beule and related entities over an extended period of time to an unknown date.
- Plan does not disclose how liquidation values were determined.
- Debtor has not provided 2020 tax returns and other documents from which its true financial condition can be ascertained.

Accordingly, Loretta Beule reserves the right to supplement this objection when further information becomes available.

## GOOD FAITH AND MEANS NOT FORBIDDEN BY LAW

Section 1129(a)(13) of the Bankruptcy Code provides that a plan may be confirmed only if "proposed in good faith and not by any means forbidden by law". Loretta Beule hereby incorporates by reference herein the Motion to Dismiss filed on April 22, 2022 and the authority cited therein. Movant again respectfully reserves the right to supplement this objection after the conclusion of the 2004 examination and prior to the hearing on confirmation.

Without waiving any right to supplement her objection, Loretta Beule further states that the plan provides that there will be no change in the Debtor's management or ownership structure as a result of the confirmation of plan. (Article VI, Section G). Other provisions of the plan provide that any claim or interest shall be precluded from asserting any interest in either the Debtor or its property. For example, Article XI states "Upon

---

[1] There is equipment owned other entities located at the Debtor's properties.

2

confirmation, all property of the Debtor's estate shall vest with the Debtor free and clear of all liens, claims or encumbrances except as specifically set forth in this Plan". Article XIII Section A, entitled discharge provides for a discharge from any other or further Claims, debts, rights, causes or (sic) action, liabilities or equity interests based upon any act, omission, transaction or acting of any kind or nature that occurred prior to the confirmation date. Article XIII Section A further declares that the discharge order will be a judicial determination of all claims and debts and liabilities against the Debtor.

As this Court is aware, the Debtor is a defendant is the Stark County Common Pleas Court, Domestic Relations Division action which ownership interests and property rights are subject to equitable distribution under Ohio law. To the extent, the plan seeks to discharge, enjoin or in any way impact Loretta Beule or the Domestic Relations Court's ability to determine her claims or rights as against the Debtor, any reorganized Debtor, David Beule or any of the Beule entities, Loretta Beule respectfully objects to the plan provisions being contrary to the law and against public policy.

The evidence will also demonstrate that the Debtor has not acted in good faith prior to filing nor after filing. The Debtor and its Principal's course of conduct will shed light on its true motivations to delay in the Divorce Relations Court, depress the value of the company and deprive it of its ability to make an equitable distribution.

## BEST INTEREST OF CREDITORS

Section 1129(a) requires the plan to meet the best interests of creditors test. The plan fails the best interests test for multitude of reasons. They include but are not limited to:
- Plan fails to properly market property by qualified professional for an appropriate time under appropriate conditions to allow sale to achieve fair market value.

3

- Plan proposes to assume [May] an unscheduled under market [which] value lease $1.00 per month with Canton Brewing Company, which lease was never disclosed prior to April 2022 and its existence was expressly denied under oath by the Debtor's principal on multiple occasions.
- Plan proposes to hold 330 Court Ave., an unencumbered asset, for an unknown period of time subject to a under market lease to a Beule related entity.
- Plan ignores credible evidence of valuations in excess of scheduled values.
- The plan will extend for an unknown period of time.

Loretta Beule further reserves the right to supplement as further information becomes available.

## UNFAIR DISCRIMINATION

Section 1129(b)(2)(c) requires that with respect to each class of interest that the plan does not unfairly discriminate. To the extent that the plan proposes to alter or affect Loretta Beule's equitable interests in the ownership or property of the Debtor, Loretta Beule respectfully objects.

## FEASIBILITY

The Debtor's plan also fails the feasibility test. The Debtor's proposed plan, according to its terms, will take decades to pay its creditors in full. The Debtor's strategy, to continue to hold the Court Ave. property hostage, in the hopes to defeat the reach of the Domestic Relations Court, should not be condoned.

## CONCLUSION

The evidence will show that this is not an honest Debtor. This is not even a needy Debtor. The purpose of this bankruptcy was to serve one purpose – to divert property away from the Debtor's principal wife, to further depress the value of the company and to allow the Debtor's principal to attempt to shield property from his wife.

4

Wherefore Loretta Beule respectfully requests that the confirmation of the Debtor's plan be denied.

Respectfully submitted,

/s/Anne Piero Silagy
Anne Piero Silagy (#0030444)
1225 South Main Street, Suite 1
North Canton, Ohio 44720
Telephone: (330) 522-8221
Facsimile: (330) 522-8231

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| In re: | ) | Case No. 22-60052 |
|---|---|---|
| | ) | |
| APPALACHIAN BASIN CAPITAL, LLC | ) | Chapter 11 |
| | ) | |
| Debtor | ) | Judge Russ Kendig |

## CERTIFICATE OF SERVICE

I, Anne Piero Silagy, hereby certify that the **Objection to Debtor's Confirmation of Plan** was sent by regular U.S. mail, postage prepaid, this **23rd day of May, 2022** to the following:

Appalachian Basin Capital LLC
213 Market Ave N Ste 240
Canton, OH 44702-1440

The Phillips Organization
3924 Cleveland Avenue NW
Canton, OH 44709

I, Anne Piero Silagy, hereby certify that the foregoing **Objection to Debtor's Confirmation of Plan** was electronically transmitted on or about **May 23, 2022** via the Court's CM/ECF system to the following who are listed on the Court's Electric Mail Notice List:

- Anthony J. DeGirolamo    tony@ajdlaw7-11.com, amber@ajdlaw7-11.com;G23630@notify.cincompass.com

- M. Colette Gibbons    Cgibbons@mcdonaldhopkins.com, bkfilings@mcdonaldhopkins.com;mhdocket@mcdonaldhopkins.com;cmcg11@trustesolutions.net

- United States Trustee    (Registered address)@usdoj.gov

- Scott R. Belhorn ust35    Scott.R.Belhorn@usdoj.gov

/s/Anne Piero Silagy
Anne Piero Silagy

6