The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.



**Russ Kendig**
**United States Bankruptcy Judge**

Dated: 11:41 AM June 9, 2022

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| APPALACHIAN BASIN CAPITAL LLC, | ) | CASE NO. 22-60052 |
| | ) | |
| | ) | JUDGE RUSS KENDIG |
| Debtor. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |
| | ) | |

    This case is before the court on three matters: Debtor's objection to a proof of claim filed by Loretta Beule (ECF No. 50); Loretta Beule's Motion to Estimate Claim and to Allow Claims for Purposes of Voting on Plan of Reorganization (ECF No. 60); and Loretta Beule's motion for a 2004 examination of Debtor (ECF No. 69). The court held a hearing on May 24, 2022 and accepted additional briefs through May 31, 2022. Loretta Beule filed a brief in support of her Motion to Estimate and Motion for a 2004 Examination. (ECF No. 93) Debtor filed a brief in support of its claim objection and objections to Loretta Beule's two motions. (ECF No. 94) David Beule also objected to the 2004 request. (ECF No. 84) The subchapter V trustee filed a position statement regarding the pending matters. (ECF No. 91)

    The court has jurisdiction of this proceeding under 28 U.S.C. § 1334(b) and the general order of reference entered by the United States District Court on April 4, 2012. This is a statutorily core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B). Pursuant to 11 U.S.C. § 1409, venue in this court is proper. The following constitutes the court's findings of fact and conclusions of law under Bankruptcy Rule 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND FACTS

Debtor, formed in 2006, owns and operates commercial real estate in Canton, Ohio. (App. to Employ Anthony J. DeGirolamo ¶¶ 3, 7, ECF No. 5.) David Beule is the sole owner of Debtor. (Corp. Ownership Stmt., ECF No. 4.) Loretta Beule is the wife of David Beule and the plaintiff in a divorce proceeding in the Domestic Relations division of the Stark County Court of Common Pleas, case number 21-DR-00662, filed on June 21, 2021. (Attachment to Proof of Claim 2-1.) The parties were married in 1991. (Id.) Loretta Beule asserts an interest in Debtor by virtue of the potential distribution of marital assets in the divorce case. She filed a claim for an unknown amount, asserting

> a legally recognizable and enforceable interest in various assets and claims by virtue of Stark County Case No. 2021DR00662 including but not limited to the membership units of the Debtor LLC and the the claims of Appalachian Basin CPA and David Buele (sic). As of the date of filing this Claim, the 341 Meeting of Creditors has not been concluded, nor has a plan of reorganization been filed. Thus Claimant is without sufficient information to determine the amount and extent of any claim.

(Id.)

## DISCUSSION

Through the various pleadings, the court is asked to determine whether Loretta Beule has an interest in Debtor that allows her to participate in this case. Debtor and David Beule deny the existence of a qualifying interest, contending she needs an order from the divorce court granting her a claim or interest in Debtor. Loretta Beule disagrees, arguing she acquired an equitable interest in Debtor upon filing of the divorce case.

### I. Objection to Proof of Claim and Motion to Estimate Claim for Voting Purposes

To understand whether Loretta Beule has the equitable interest she claims, it is necessary to look at Ohio property law. Ohio law allows for spouses to hold property individually and to deal with that property singly. Ohio Revised Code § 3103.04 states "neither husband nor wife has any interest in the property of the other, except as mentioned in section 3103.03 of the Revised Code, the right to dower, and the right to remain the mansion house after the death of either." Ohio v. Garber, 125 Ohio App.3d 615, 617 (Ohio. App. 9th Dist. 1998). "A married person may take, hold, and dispose of property, real or personal, the same as if unmarried," or as if the parties are strangers. O.R.C. § 3103.07; Garber at 617 (citations omitted). Under this scheme, prior to the divorce filing, Loretta Beule had no interest in Debtor.

A divorce action introduces the concepts of marital property and separate property into

2

property ownership scene, potentially disrupting individual ownership. O.R.C. § 3105.171. Under § 3105.171(H), title does not determine whether property is marital property or separate property. Generally, the distinction between the two is based on how and when property is acquired. O.R.C. §§ 3105.171(A)(3)(a); (A)(6)(a). For example, assets acquired during the marriage are generally marital assets. O.R.C. § 3105.171(A)(3)(a). Separate property, defined by O.R.C. § 3105.171(A)(6)(a), is excluded from marital property. O.R.C. § 3105.171(A)(3)(b).

Loretta Beule vehemently argues that Debtor constitutes a marital asset, she is entitled to an estimated fifty percent, and this interest provides for a claim under 11 U.S.C. § 101(5). (Memo. in Support of M. for 2004 Examination and to Est. and Allow Claim, ECF No. 93.) She contends an equitable right to distribution of assets arose when the divorce case was filed, citing In re Ruitenberg, 745 F.3d 647 (3rd Cir. 2014). Mr. and Mrs. Ruitenberg were parties to a divorce proceeding when Mr. Ruitenberg filed a chapter 7 petition. Id. at 649. Mrs. Ruitenberg filed a substantial claim in the case based on her expected equitable distribution of marital assets, including the partnership interest.[1] Id. The court allowed her claim. Id. at 653.

Similar to Ruitenberg, Ohio bankruptcy courts recognize that a divorcing spouse has a contingent interest in marital property. In re Greer, 242 B.R. 389 (Bankr. N.D. Ohio 1999); In re Street, 395 B.R. 637 (Bankr. S.D. Ohio 2008); Gertz v. Warner (In re Warner), 570 B.R. 582 (Bankr. N.D. Ohio 2017). The court does not disagree with this principle but is not willing to heedlessly conclude the interest in Debtor is marital property. In a divorce case, "the [domestic relations] court shall … determine what constitutes marital property and what constitutes separate property" and then make an equitable division of the property. O.R.C. § 3105.171(B). This determination has not occurred. The basic principles of the equitable division scheme are set forth in the statute, which calls for the equal division of marital property. O.R.C. § 3105.171(C). Separate property is usually disbursed to the owner although the court may use a "distributive award" of separate property to "facilitate, effectuate, or supplement a division of marital property," including for misconduct. O.R.C. §§ 3105.171(E) and (D). No division has yet been made.

Relying on O.R.C. § 3105.171(A)(2)(a), the conclusion that Debtor constitutes marital property appears straightforward. The parties were married in 1991 and Debtor was formed in 2006. Since the divorce case was not filed until 2021, it appears the asset was acquired "during the marriage." However, this ignores the authority of a domestic relations court to use other dates as the marriage term for the purposes of determining whether assets are marital property. O.R.C. § 3105.171(A)(2)(b). This court does not have the factual foundation to make determinations of this nature.

Loretta Beule's position also asks the court to assume, without any record, that Debtor is not David Beule's separate property. Even if it is deemed marital, not separate property, it does not follow that Loretta Beule will get a direct interest in Debtor, as "neither spouse is assured of receiving any specific item of 'marital property.'" Greer, 242 B.R. 389, 396. A court could award other assets in lieu. Further, a division of marital property requires a court to consider no

---

[1] Although Debtor included his individual interest in a partnership as an asset, there was no discussion of it or the value of any marital property specifically.

less than ten factors, none of which this court has knowledge. O.R.C. § 3105.171(F). For these reasons, the court declines to determine the nature of property interest and elects to defer to state court, as sanctioned by the Sixth Circuit in White v. White (In re White), 851 F.2d 170 (6th Cir. 1988).

In White, Mrs. White filed divorce and was awarded alimony, which Mr. White did not pay. Id. at 171. When Mrs. White requested a receiver, Mr. White filed a chapter 11 petition. Id. Mrs. White moved for relief from the automatic stay to allow the domestic relations court to divide the parties' property. Id. The bankruptcy court granted the motion, and the Sixth Circuit affirmed, finding "no abuse of discretion in the bankruptcy court's decision to defer the traditional and expert judgment of the divorce court of the State of Ohio for the sole purpose of deciding interests in the marital estate of the debtor husband and wife." Id. at 174. It further opined '[i]t is appropriate for bankruptcy courts to avoid invasions into family law matters "out of consideration of court economy, judicial restraint, and deference to our state court brethren and their established expertise in such matters."' Id. at 173 (citing In re MacDonald, 755 F.2d 715, 717 (9th Cir. 1985) (quoting In re Graham, 14 B.R. 248 (Bankr. W.D. Ky. 1981)). The court agrees that the domestic relations court is the proper forum to determine what assets are marital property. The parties' divorce was scheduled for trial on the day Debtor filed its petition, leaving the state court in a far superior position to handle the matter. The parties agreed to relief from the stay to proceed with the divorce case. (Agr. Order for Relief from Stay, ECF No. 67.)

In the absence of a finding that the interest in Debtor is a marital asset, Loretta Beule merely has a potential interest in Debtor. While "claim" is expansively defined by the Bankruptcy Code in § 101(5), a potential right to payment does not provide the basis for a claim. On this point, the court finds the case of In re Player Wire Wheels, Ltd., instructive. 421 B.R. 851 (Bankr. N.D. Ohio 2009).

Player Wire Wheels was an LLC solely owned by Ray A. Starr, Sr. Id. at 854. When he divorced Beverly Starr, he agreed to pay her $11,000,000.00 as part of their marital property settlement and gave her a note for $5,500,000.00 secured by a lien on his membership interests in the LLC. Id. When he died, he'd paid at least 60% of the note and 40% of the interests had been released. Id. Mrs. Starr's attempt to vote on the plan, based on her security interest in 40-60% of the membership interests and potential ownership, was rejected by the court. The court observed the LLC-debtor did not owe the debt, Mr. Starr's probate estate owed it, making her entitlement to any membership shares "entirely speculative." Id. at 857. Since she was "neither a creditor nor an equity security holder of Debtor, she is not entitled to vote on Debtor's plan." Id. at 860.

Loretta Beule is in a less favorable position than Mrs. Starr, who held a debt secured by the membership interests. Loretta Beule does not have a comparable interest. Like Mrs. Starr, she is neither a creditor nor an equity security holder. With only a potential or speculative interest in Debtor, her claim fails, as well as her request to estimate her claim to allow her to vote on Debtor's plan of reorganization. The court will enter an order sustaining Debtor's objection to the claim and denying Loretta Beule's motion to estimate the claim.

## II. Motion for 2004 Exam

Loretta Beule also asks the court to allow her to conduct a 2004 examination of Debtor. Debtor and David Beule objected, arguing the information was previously provided to her in the divorce case, plus her document request is overbroad. They do not contest her right to an examination, merely its scope.

The scope of a 2004 exam is expansive:

> The examination of any entity under this rule or of the debtor under § 343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administrative of the debtor's estate, or to the debtor's right to a discharge. In a . . . reorganization case under chapter 11 of the Code . . . the examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan.

Fed. R. Bankr. Pro. 2004(b). The broad scope of the examination is intentional, promoting identification of the nature and extent of the estate and the location of assets in order to maximize the value to creditors. In re Cinderella Clothing Ind., Inc., 93 B.R. 373, 377 (Bankr. E.D. Pa. 1988) (quoting Cameron v. U.S., 231 U.S. 710, 717 (1914)). To accomplish this purpose, "fishing expeditions" are permitted. Keene Corp. v. Johns-Manville Corp. (In re Johns-Manville Corp.), 42 B.R. 362, 364 (S.D.N.Y. 1984) (citation omitted). It does not grant the right to harass or abuse, nor can it be unnecessarily burdensome or costly to the examinee. In re Underwood, 457 B.R. 635, 643 (Bankr. S.D. Ohio 2011) (citations omitted).

When separate litigation is pending, a concern that broad 2004 exam rights may be used to circumvent the narrower discovery rules led to the "pending proceeding rule" restricting 2004 exams. In re Glitnir bank hf., 2011 WL 3652764, * 4 (Bankr. S.D.N.Y. 2011) (citing Snyder v. Society Bank, 181 B.R. 40, 42 (S.D. Tex. 1994) aff'd sub nom. In re Snyder, 52 F.3d 1067 (5th Cir. 1995)); In re Washington Mutual, Inc., 408 B.R. 45, 50-51 (Bankr. D. Del. 2009). The challenge is balancing legitimate 2004 exam requests against attempts to further discovery in the pending litigation. Some courts relegate a party to the discovery rules, disallowing use of the 2004 exam. In re Brown, 2018 WL 4944816, *4 (Bankr. S.D.N.Y 2018). The Washington Mutual court used the purpose of the request as a guide, asking if it would "lead to discovery of evidence related to the pending proceeding or whether the requested examination seeks to discover evidence unrelated to the pending proceeding." Washington Mutual at 51. On the particular facts of this case, the court favors the former approach.

Since Loretta Beule is not a creditor of, and does not have a present interest in, Debtor, a 2004 exam has no benefit to her in the bankruptcy case. Anything she discovers through a 2004

exam has more impact in the domestic relations case, supporting the court's concern that this is merely a continuation of the divorce. While this argument is compelling, the timing of Debtor's bankruptcy filing on the day the parties' divorce was to start is notably troubling. After carefully weighing these considerations, the court finds that her request is primarily driven by her interests in the divorce case. Consequently, invocation of the "pending proceeding rule" is appropriate and the court will deny the motion for a 2004 exam. However, the court will fully enforce any order she obtains from the domestic relations court regarding discovery of Debtor's financial affairs and assets.

## CONCLUSION

While a pending divorce action does give a divorcing spouse a right to an equitable distribution of marital property, the determination of what constitutes marital property is best left to the domestic relations court. Without a ruling that the interest in Debtor is marital property, Loretta Beule's interest in Debtor is potential or speculative, neither which creates a claim interest in Debtor's case. The objection to her claim will be sustained and her motion to estimate the claim denied.

The "pending proceeding rule" seeks to circumvent use of a 2004 exam as a "leg up" over the more restrictive discovery procedures. To curb this potential abuse, the court looks at the purpose of the 2004 exam. In this case, the court finds that Loretta Beule's primary purpose in requesting a 2004 exam furthers her interests in the divorce case, not the bankruptcy case. The court will deny the 2004 motion.

An order in accordance with this opinion will issue immediately.

#     #     #

**Service List:**

Anthony J. DeGirolamo
3930 Fulton Drive NW, Suite 100B
Canton, OH 44718

M. Colette Colette Gibbons
McDonald Hopkins LLC
Fifth Third Center
600 Superior Avenue East
Suite 2100
Cleveland, OH 44114

Scott R. Belhorn
Office of the U.S. Trustee
H.M. Metzenbaum U.S. Courthouse
201 Superior Avenue East Suite 441
Cleveland, OH 44114-1240

Anne Piero Silagy
1225 S. Main St., Suite 1
N. Canton, OH 44720

Andy A. Ginella
4096 Holiday St., N.W.
Canton, OH 44718

7

22-60052-rk    Doc 101    FILED 06/09/22    ENTERED 06/09/22 12:01:53    Page 7 of 7