IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

```
-----------------------------------------------------------x
In re:                                      :   Case No. 22-60052
                                            :
APPALACHIAN BASIN CAPITAL, LLC              :   Chapter 11
                                            :
                                            :   Judge Russ Kendig
                                            :
          Debtor and                        :
          Debtor-in-Possession.             :
                                            :
(Employer Tax I.D. No. 20-2932599)          :
-----------------------------------------------------------x
```

**MOTION TO STRIKE**
**LORETTA BEULE'S MOTION TO DISMISS**

Now comes Appalachian Basin Capital, LLC, (the "Debtor") by and through its undersigned counsel, and hereby submits its Motion to Strike Loretta Beule's Motion to Dismiss. For its Motion, the Debtor respectfully states as follows:

1. On April 22, 2022, Loretta Beule ("Beule") filed her Motion to Dismiss Case (the "Beule MTD") (Doc. No. 53). Buele's standing to move this Court to dismiss the Debtor's case was premised upon her argument that she is a creditor or a party in interest as a result of her rights to equitable division of marital property by the Stark County Domestic Relations Court (the "DR

Court"). The issue of whether or not Beule is a creditor has been resolved in favor of the Debtor by this Court (Doc. Nos. 101-102). Beule is not otherwise a party in interest and therefore the Beule MTD must be stricken.

  2.  11 U.S.C. § 1112(b) provides as follows:

> (b) (1) Except as provided in paragraph (2) and subsection (c), **on request of a party in interest**, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 [11 USCS §§ 701 et seq.] or dismiss a case under this chapter [11 USCS §§ 1101 et seq.], whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) [11 USCS § 1104(a)] of a trustee or an examiner is in the best interests of creditors and the estate. (Emphasis added.)

In this instance, the Court has found that Beule is not a creditor because she has no claim against the Debtor. The Court stated at page 6 of its Memorandum of Opinion at page 6 "Without a ruling that the interest in Debtor is marital property, Loretta Beule's interest in Debtor is potential or speculative, neither which creates a claim."

  3.  Further, Beule is not otherwise a party in interest as required by section 1112(b). In order for Beule to be a party in interest, she must have "an actual pecuniary interest in the case", "a practical stake in the outcome of a case", or "be impacted in any significant way in the case." Rhiel v. Ohio Health Corp. (In re Guikema), 363 B.R. 853, 858 (Bankr. S.D. Ohio 2007) (citations omitted). See also, Morton v. Morton (In re Morton), 298 B.R. 301 (6th Cir. BAP 2003).

  4.  Beule has no actual pecuniary interest or practical stake in the outcome of this case because the Court has found that she holds no claim. Whatever happens in this case will result in no pecuniary impact to her. The question is whether she will "has a practical stake" or may "be impacted in any significant way" by the outcome of this case. The obvious answer is no.

5. As has been argued throughout this case, Beule's interest in this case is derivative through the domestic relations case between herself and her husband—the owner of the Debtor. Beule has her rights in the DR Court including her right to an equitable division of property. The only impact this case could possibly have is how it may affect the domestic relations court's calculation of her equitable division of property. Whatever happens in this case will be accounted for in the DR Court. That court is where her remedy lies, not in this court.

6. Cases interpreting "party in interest" are dealing with parties who have no other forum in which to seek relief so it is appropriate to allow an expanded definition of party in interest. In <u>Ohio Health Corp.</u>, several chapter 7 trustees had sought turnover of assets of a 403(b) plan. <u>Ohio Health Corp.</u>, 363 B.R. at 854-55. The plan sponsors sought standing to object to the trustees' complaints for turnover. <u>Id.</u> The <u>Ohio Health Corp.</u> court found that the plan sponsors had standing because the outcome would affect the annuity contracts with their participants and their compliance with IRS rules and regulations. <u>Id.</u> at 858. The Plan sponsors had no other forum in which to address the trustees' demands.

7. Similarly, in <u>Morton</u>, the court was confronted with objections to claims by a debtor whose spouse was obligated on the claims. <u>Morton</u>, 298 B.R. at 304-05. The <u>Morton</u> court interpreted party in interest to include "anyone who has an **interest** in the property to be administered and distributed…." <u>Id.</u> at 306 (emphasis in original) (citations omitted). Nothing that happens in this case affects any property in which Beule has a current interest as the Court has already found, and nothing that happens in this case affects Beule's legal rights in the DR Court. She has all of the rights and remedies afforded to her in the DR Court which will account for the outcome of this case.

8. Finally, should the DR Court find that this case results in some sort of financial misconduct on the part of David Beule, then the DR Court has the ability to adjust the equitable division of property in Beule's favor. In short, whatever happens in this case will be accounted for by the DR Court and Beule's rights under Ohio law to an equitable division of property will not be affected. For that reason, Beule has no "practical stake" and will not "be impacted in any significant way" by the outcome of this case

WHEREFORE, the Debtor respectfully requests that the Court strike Beule's MTD with prejudice, and that the Court grant any other and further relief that the Court deems just and proper.

Respectfully submitted,

/s/ Anthony J. DeGirolamo
Anthony J. DeGirolamo (0059265)
3930 Fulton Drive NW, Suite 100B
Canton, Ohio 44718
Telephone: 330-305-9700
Facsimile: 330-305-9713
Email: tony@ajdlaw7-11.com

COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION

## NOTICE OF HEARING

The Debtor has filed papers with the court seeking to strike Loretta Beule's Motion to Dismiss.

**Your rights may be affected.** If you do not want the court to approve the Motion without a hearing, or if you want the court to consider your views on the Motion, then, you or your attorney must:

File with the court a written response or objection no later than **July 8, 2022**, at:

> Clerk: United States Bankruptcy Court
> Ralph Regula United States Courthouse
> 401 McKinley Avenue S.W.
> Canton, Ohio 44702

If you mail your request to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also mail a copy to:

> Anthony J. DeGirolamo, Esq.
> 3930 Fulton Drive NW, Suite 100B
> Canton, Ohio 44718

If you do not respond in writing the Court may grant the relief requested without a hearing. If you respond in writing then you must attend the hearing[1] scheduled to be held on **July 12, 2022, at 2:00 p.m.** the Courtroom, United States Bankruptcy Court, 401 McKinley Avenue SW, Canton, Ohio 44702.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief without a hearing.

Date: June 24, 2022              /s/ Anthony J. DeGirolamo
                                                                   Anthony J. DeGirolamo

---

[1] The Court's dial in number is 888-684-8852 and the access code is 3303949 followed by the pound (#) sign. For further details on telephonic participation, please refer to the Court's Notice of Telephonic Hearing Procedure for Judge Kendig dated March 18, 2020, at https://www.ohnb.uscourts.gov/sites/default/files/memoranda/telephonic-hearing-procedure-31820.pdf

# CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2022, a copy of the foregoing Motion was electronically transmitted via the Court's CM/ECF system to those listed on the Court's Electronic Mail Notice list:

- **Todd S. Bundy**   tbundy@bmsa.com
- **Anthony J. DeGirolamo**   tony@ajdlaw7-11.com, amber@ajdlaw7-11.com;G23630@notify.cincompass.com
- **Anthony J. DeGirolamo, Trustee - Canton**   tony@ajdlaw7-11.com, amber@ajdlaw7-11.com;ad@trustesolutions.com;AD07@trustesolutions.net
- **M. Colette Gibbons**   Cgibbons@mcdonaldhopkins.com, bkfilings@mcdonaldhopkins.com;mhdocket@mcdonaldhopkins.com;cmcg11@trustesolutions.net
- **M. Colette Colette Gibbons**   cgibbons@mcdonaldhopkins.com, bkfilings@mcdonaldhopkins.com;mhdocket@mcdonaldhopkins.com
- **Andy A. Ginella**   andy@ginellalaw.com, a.ginellalaw@gmail.com
- **Anne Piero Silagy**   asilagylawfirm@neo.rr.com
- **Anne Piero Silagy**   asilagycourt@neo.rr.com, asilagy@ecf.axosfs.com
- **United States Trustee**   (Registered address)@usdoj.gov
- **Chrysanthe E. Vassiles**   cvassiles@bmsa.com, cvassiles@ecf.courtdrive.com
- **Scott R. Belhorn ust35**   Scott.R.Belhorn@usdoj.gov

/s/ Anthony J. DeGirolamo
Anthony J. DeGirolamo
