**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 01:21 PM August 30, 2022**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| APPALACHIAN BASIN CAPITAL LLC, | ) | CASE NO. 22-60052 |
| | ) | |
| | ) | JUDGE RUSS KENDIG |
| Debtor. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

Before the court are a motion to strike filed by Debtor and a motion for relief from stay filed by Loretta Beule. The court held a telephonic hearing on August 9, 2022. Anthony DeGirolamo appeared on behalf of Debtor and Anne Silagy appeared on behalf of Loretta Beule. Colette Gibbons, subchapter V trustee, and Todd Bundy and Chrysanthe Vassiles, attorneys for Consumer National Bank, also participated. Following the hearing, the court took the motions under advisement. The following constitutes the court's findings of fact and conclusions of law under Bankruptcy Rule 7052. It incorporates by reference the findings of fact and conclusions of law contained in its opinion dated June 9, 2022.

The court has jurisdiction of this proceeding under 28 U.S.C. § 1334(b) and the general order of reference entered by the United States District Court on April 4, 2012. This is a statutorily core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B). Pursuant to 11 U.S.C. § 1409, venue in this court is proper.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

1

## BACKGROUND

Debtor owns commercial real estate in Canton, Ohio. David Beule owns 100% of Debtor. His wife, Loretta Beule, is divorcing him. She has filed several pleadings in this case, including a motion to dismiss which Debtor wants stricken. She also filed a motion for relief from stay because she wants to proceed with the divorce case in state court and the domestic relations court is unwilling to proceed against Debtor without an order.

Previously, the court rejected Ms. Beule's claim to an equitable interest in Debtor because there had been no division of property by the domestic relations court. Without a division awarding her an equitable interest, or finding Debtor to be marital property, this court found her interest to be too speculative to provide a foundation for a claim or participation as a creditor in the case. Debtor argues this finding also means she is not an "interested party" and cannot maintain her motion to dismiss.

## DISCUSSION

### I.  Loretta Beule is a party in interest under 11 U.S.C. § 1112(b)(1).

Under 11 U.S.C. § 1112(b), a "party in interest" may seek dismissal of a chapter 11 case. The question presented is whether Loretta Beule, the divorcing wife of Debtor's owner with no present interest in or claim against Debtor, is a "party in interest?" Although used in multiple places in the Bankruptcy Code, the term "party in interest" is not defined. The Sixth Circuit endorsed a fluid understanding of the term:

> Absent a precise or universal definition, the meaning of "party in interest" depends on the context in which it is used. See, e.g., Jahn v. Burke (In re Burke), 863 F.3d 521, 526 (6th Cir. 2017) (citing In re Morton, 298 B.R. 301, 307 (6th Cir. BAP 2003)); In re Rice, 462 B.R. 651, 656 (6th Cir. BAP 2011). The definition endorsed in In re Morton describes the term "party in interest" as "an expandable concept depending on the particular factual context in which it is applied," such as a party that "has an actual pecuniary interest," one "who has a practical stake in the outcome," or "those who will be impacted in any significant way" by the matter. 298 B.R. at 307 (quoting In re Cowan, 235 B.R. 912 (Bankr. W.D. Mo. 1999) (citations omitted)).

Zipkin Whiting Co., LPA v. Barr (In re Felix), 825 Fed.App'x 365, 367 (6th Cir. 2020) (unreported).

The flexible definition of party in interest is adroitly illustrated in In re Player Wire Wheels, Ltd., 421 B.R. 851 (Bankr. N.D. Ohio 2010). In that case, Mrs. Starr was the ex-wife of the deceased owner of Debtor. Pre-bankruptcy, she was given a lien against his membership

2

interests in Debtor to secure their divorce settlement. The interests were released back to her ex-husband as he paid her. When her ex-husband's estate filed bankruptcy for Debtor, she held a lien on 40-60% of the membership interests. Her attempts to participate in the case were met with mixed success. She was able to be heard during the confirmation process as a party in interest but was not able to vote on the plan because she did not have a direct claim against Debtor or hold an actual equity interest in Debtor. The party in interest requires a review of the particularized facts of the context of the case. Id. at 855. Even though the court previously found that Loretta Beule was not a creditor or an equity interest holder of Debtor, and rejected her claim and right to vote, it does not foreclose a finding she is a party in interest for other purposes.

Ms. Beule wants to press a motion to dismiss. In § 1112(b), the court is instructed to dismiss or convert a case, "whichever is in the best interests of creditors and the estate, for cause . . ." 11 U.S.C. § 1112(b)(1). Section 1112(b)(4) provides a non-exclusive of factors that constitute cause. 11 U.S.C. § 1112(b)(4). Very generally, the examples of cause can be categorized as debtor actions that harm the estate or creditors, debtor behavior that denigrates the bankruptcy system, or a debtor's inability to confirm/comply with a plan. To be deemed a party in interest, Ms. Beule must have an interest that advances a purpose of § 1112(b). Accord, Cowan, 235 B.R. at 915 (allowing participation that "advances the goals of the Bankruptcy Code, including the equitable distribution of debtors' assets and the clarification of the rights and obligations of debtors and creditors.")

Ms. Beule asserts David Beule authorized Debtor's bankruptcy filing in bad faith. Her main concern is that David Beule will take actions that undervalue Debtor, which he contends is marital property, resulting in a reduced award for her in the divorce proceeding. Debtor counters that she does not have a requisite interest in Debtor and her relief rests with the domestic relations court. The court is persuaded by Ms. Beule. Her relief in the domestic relations court relies on an equitable distribution of Debtor's assets for fair value in this case.

The court previously recognized that Ms. Beule had a "potential or speculative" interest in Debtor. Abstract interests can qualify a person or entity as a party in interest. For example, in In re Guikema, the provider of investment vehicles for debtor's 403(b) plan wanted to join debtor's effort to declare her annuity was not property of the estate. Rhiel v. Ohio Health Corp. (In re Guikema), 363 B.R. 853 (Bankr. S.D. Ohio 2007). The court allowed it to participate because a finding that the 403(b) plan was property of the estate would have meant the provider was not meeting its obligations under section 403(b) of the Internal Revenue Code. Id. at 858. It was allowed to protect its non-bankruptcy interests.

Tangential interests also suffice. Americredit was allowed to pursue a motion to dismiss against chapter 13 debtors even though it did not have a claim against them in the chapter 13 case. Cowan, 235 B.R. 912. Debtors owed a debt to a chapter 7 trustee and Americredit was a creditor in the chapter 7 case, making it a beneficiary of funds recovered by the chapter 7 trustee for the chapter 7 estate. Id. Ms. Beule does not have a claim against Debtor but what happens in this case can impact her interests in another case.

Although Debtor cites Morton in its favor, based on its unique facts, it tends more toward

3

Ms. Beule. Originally, the <u>Morton</u> case was a joint case and creditors filed claims against Mr. and Mrs. Morton jointly and individually. <u>Id</u>. The case was later severed and Mr. Morton dismissed because Mrs. Morton had forged his signature on the joint petition. Mrs. Morton objected to claims of his creditors in her individual chapter 13 case. <u>Id</u>. The court required notice to her estranged husband. <u>Id</u>. When the debtor opposed his participation, the court found he was a party interest, saying he may also be liable on the debts. <u>Id</u>.

Based on Mrs. Morton's past conduct, Mr. Morton's participation was desirable. He was in the best position to know whether he had liability on the claims. His participation fostered uprightness by Mrs. Morton. Although she could not alter his legal liability through the claim objection process, if he discovered something awry, he would be able to act. Since she had agreed to pay 100% of her claims, he did stand to benefit from her payment of joint claims but he was not receiving, and had no direct interest, in assets of the estate and he was not a creditor. <u>Morton</u> suggests that a non-debtor spouse may have indirect interests to protect and therefore should be granted party in interest status.

Ms. Beule is in a similar position. While her interest is not of sufficient weight to file a claim or vote on the plan, it is significant enough to allow her to present a motion to dismiss. When the divorce court divvies marital property, it could give her a direct interest in Debtor. It could also make a distributive award. Actions taken in this case could preclude or undermine her position in the divorce case. Also, as mentioned in the previous decision, the court is troubled by the timing of this case. It was filed on the same day as the divorce trial and stayed that trial. The proposition that this bankruptcy filing is being used by David Beule as leverage in the divorce case, thereby maligning the bankruptcy system, could not only constitute cause for dismissal but also supports a party in interest finding.

Courts frequently cite <u>In re Johns-Manville Corp.</u> for the proposition that a party in interest is an entity that can be significantly impacted by a bankruptcy case. 36 B.R. 743 (Bankr. S.D.N.Y. 1984). The court allowed a legal representative to be appointed to represent future claimants even though their identities, number, and the total amount of claims was unknown. Ms. Beule has convinced the court that she may also be impacted by events in this case. The court will grant her party in interest status and the ability to pursue her motion to dismiss. Debtor's motion to strike will be denied.

## II.     Ms. Beule is entitled to modified relief from the automatic stay to proceed against Debtor in the divorce case.

When Debtor filed bankruptcy, the divorce proceeding was halted under 11 U.S.C. § 362(a). While many domestic relations matters are not stayed by a bankruptcy filing under § 362(b)(2)(A), the stay is applicable when the domestic relations proceeding "seeks to determine the division of property that is property of the estate." 11 U.S.C. § 362(b)(2)(A)(iv). This protects the primacy of bankruptcy court jurisdiction over estate property. <u>White v. White (In re White)</u>, 851 F.2d 170, 172-73 (6th Cir. 1988). Section 362(d)(1) offers a court latitude in fashioning relief, which can include granting relief from the stay or modifying or conditioning it. The court uses it discretion to determine cause, looking at the specific facts of each case. <u>Laguna</u>

4

<u>Assoc. Ltd. P'ship v. Aetna Cas. & Ins. Co. (In re Laguna Assoc. Ltd. P'Ship)</u>, 30 F.3d 734, 737 (6th Cir. 1994) (citation omitted).

Ms. Beule wants to proceed in domestic relations court. She's been in that case two years, the trial was scheduled the day Debtor filed bankruptcy, and the state court has halted proceedings. She has relief against all non-debtor parties and still is not able to proceed in state court because it wants all parties participating, not piecemeal litigation. On the other hand, Debtor does not want to be embroiled in state court because it will cause additional expense and the state court restricted its activities. Plus, Debtor filed this case because the rent from the Market Ave. property does not cover the mortgage to the only outside creditor, Consumers National Bank ("CNB"),[1] the reason for this case.[2]

The court previously expressed its desire for the domestic relations court to act in determining marital property and making an equitable division. It also refused to allow Ms. Beule to conduct a 2004 examination of Debtor, pushing her to discovery in the state court. Since the state court will not allow her to proceed, she's stuck.

After considering the parties' arguments, the court is going to modify the stay and grant the relief requested, in part. The state court can determine what constitutes marital property, value any property, and reduce those findings to judgment, including a division and award of marital property. <u>See</u>, <u>e.g.</u>, <u>Hohenberg v. Hohenberg (In re Hohenberg)</u>, 143 B.R. 480 (Bankr. W.D. Tenn. 1992) Until further order of this court, no action may be taken on any judgment entered. Additionally, the state court cannot restrict Debtor's ability to continue its operations, its normal business activity, or proceeding with the bankruptcy case.

An order in accordance with this opinion will issue immediately.

#       #       #

**<u>Service List:</u>**

Anthony J. DeGirolamo
3930 Fulton Drive NW, Suite 100B
Canton, OH 44718

---

1 There are three claims in this case: the secured mortgage and two unsecured debts, one to David Beule and one to an affiliated company, Appalachian Basin Business Advisors, LLC. Canton Brewing Company, another affiliated entity and a tenant in the Market Ave property, is listed as a co-debtor on the CNB debt.

2 It is not clear whether CNB is under- or oversecured. In its motion for relief from stay, it referenced a prepetition valuation of $2,100,000. Debtor valued the property at $710,000.00. As of May 12, 2022, Debtor owed $936,081.00, plus interest.

M. Colette Colette Gibbons
McDonald Hopkins LLC
Fifth Third Center
600 Superior Avenue East
Suite 2100
Cleveland, OH 44114

Scott R. Belhorn
Office of the U.S. Trustee
H.M. Metzenbaum U.S. Courthouse
201 Superior Avenue East Suite 441
Cleveland, OH 44114-1240

Anne Piero Silagy
1225 S. Main St., Suite 1
N. Canton, OH 44720

Andy A. Ginella
4096 Holiday St., N.W.
Canton, OH 44718